## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE FELDER, | : | No. 3:25-CV-2473 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN FCI SCHUYLKILL, | : | |
| Respondent | : | |

## MEMORANDUM

Terrance[1] Felder initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He asks the court to order the Federal Bureau of Prisons (BOP) to find him eligible to receive the one-year sentence reduction under the Residential Drug Abuse Program (RDAP).[2]  For the following reasons, the court will deny Felder's Section 2241 petition.

## I.     BACKGROUND

Felder is currently serving a 75-month sentence imposed by the United States District Court for the District of New Jersey for felon in possession of a

---

[1] In his Section 2241 petition, Felder spells his first name "Terrance." (See Doc. 1 at 1).  However, Respondent points out that Felder's sentencing and BOP documents spell his first name "Terrence." (See, e.g., Doc. 1-1 at 2; Doc. 7-2 ¶ 3 & n.1).

[2] "RDAP, which typically runs for nine months, 'is an intensive drug treatment program' run by the BOP 'for federal inmates with documented substance abuse problems.'" United States v. James, 151 F.4th 28, 43 (2d Cir. 2025) (quoting Reeb v. Thomas, 636 F.3d 1224, 1225 (9th Cir. 2011)).

firearm, 18 U.S.C. § 922(g), and possession with intent to distribute controlled substances, 21 U.S.C. § 841(a)(1) and (b)(1)(C).  (Doc. 7-2 ¶ 3; Doc. 7-3 at 2). His current projected release date, via good conduct time and application of First Step Act credits, is February 20, 2027.  (See Doc. 7-2 ¶ 3).

Felder filed the instant Section 2241 petition in this court in December 2025.  (See generally Doc. 1).  In his petition, he asserts that he has successfully participated in the RDAP program but that, based on his crimes of conviction, the BOP has found him ineligible for the one-year sentence reduction permitted under 18 U.S.C. § 3621(e)(2)(B).  (See id. at 1-2, 4).  He argues that his offenses of conviction are not "crimes of violence" and therefore he is being unlawfully denied the RDAP sentence reduction.  He asks the court to order the BOP to find him statutorily eligible for the one-year sentence reduction.  (See id. at 3).

Respondent timely responded to Felder's Section 2241 petition.  (See generally Doc. 7).  Felder filed a traverse, (Doc. 8), so his Section 2241 petition is ripe for disposition.

## II.    DISCUSSION

The gist of Felder's argument is that because 18 U.S.C. § 3621(e)(2)(B) permits one-year sentence reductions for successful RDAP participants convicted of "nonviolent" offenses, the BOP's reliance on its internal policies and

regulations to find him ineligible for the RDAP sentence reduction conflicts with the plain language of the statute.

Respondent asserts that Felder failed to exhaust administrative remedies, that this court lacks jurisdiction to consider his RDAP claim, and that, even if he had properly exhausted his claim, it is substantively meritless. Because Felder's RDAP claim involves issues of purely statutory construction, administrative exhaustion is excused. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (per curiam) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

Nevertheless, Felder's statutory argument misses the mark. As is plainly indicated by the text of 18 U.S.C. § 3621(e)(2)(A) and (B), when an inmate successfully completes RDAP, his sentence "*may* be reduced by the Bureau of Prisons" by up to one year. 18 U.S.C. § 3621(e)(2) (emphasis added). This intentional language (*i.e.*, "may" rather than "shall") reflects that the RDAP sentence reduction is within the discretion of the BOP. See Lopez v. Davis, 531 U.S. 230, 240-41 (2001). "When an eligible prisoner successfully completes drug treatment, the B[OP] thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." Id. at 241.

3

It follows, then, that the BOP may craft policies and regulations to more uniformly exercise its discretion and categorically exclude certain classes of inmates from receiving RDAP sentence reductions, even if those inmates' offenses of conviction are considered nonviolent. See id. at 243-44 (explaining that "case-by-case decisionmaking in thousands of cases each year could invite favoritism, disunity, and inconsistency," so instead the BOP "may categorically exclude prisoners based on their preconviction conduct"). This is, in fact, what the BOP has done. See 28 C.F.R. § 550.55(b) ("Inmates not eligible for early release. As an exercise of the [BOP] Director's discretion, the following categories of inmates are not eligible for early release . . .").

Contrary to Felder's contention, the BOP's reliance on its policies and regulations does not "conflict with federal law," i.e., the text of Section 3621(e)(2)(B). Rather, the relevant regulations permit the BOP to uniformly exercise its discretion to exclude inmates with certain offenses from receiving the RDAP sentence reduction, regardless of whether those offenses are violent or nonviolent. See Lopez, 531 U.S. at 243-44; Taylor v. Warden of FCI Schuylkill, No. 3:26-cv-408, 2026 WL 579472, at *4-6 (M.D. Pa. Mar. 2, 2026).

Finally, under 28 C.F.R. § 550.55(b)(5)(ii), the BOP excludes from RDAP sentence-reduction eligibility "[i]nmates who have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm or

4

other dangerous weapon[.]" Thus, in the exercise of the BOP's discretion, Felder—who has a Section 922(g) felony conviction for an offense involving the possession of a firearm—is ineligible for early release under RDAP. See 28 C.F.R. § 550.55(b)(5)(ii). His habeas challenge, therefore, is meritless.

## III. CONCLUSION

Based on the foregoing, the court will deny Felder's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 7/23/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

5